UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T.S.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BODY CONTOUR CENTERS, LLC d/b/a SONO BELLO,<br><br>　　　　　　Defendant. | CASE NO. 2:24-cv-01944-LK<br><br>ORDER DENYING MOTION TO STAY DISCOVERY |

This matter comes before the Court on Defendant Body Contour Centers, LLC, d/b/a/ Sono Bello's motion to stay discovery until after the Court rules on its pending motion to dismiss all claims. Dkt. No. 23 at 1. For the reasons set forth below, the Court denies the motion.[1]

### I.　BACKGROUND

Sono Bello markets itself as a leading provider of cosmetic surgery, operating clinics that "offer[] various medical weight loss treatments, including laser liposuction, micro-laser

---

[1] Because the matter can be decided based on the parties' filings, the Court denies Sono Bello's request for oral argument. *Id.*

ORDER DENYING MOTION TO STAY DISCOVERY - 1

liposuction, cellulite reduction procedures, and excess skin removal surgeries." Dkt. No. 1 at 1–2. All of its services are provided by "trained medical professionals." *Id.* at 2.

On or around October 2023, T.S.[2] booked an appointment on Sono Bello's website for a consultation for a surgical weight loss procedure. *Id.* at 3. She contends that when she did so, Sono Bello transmitted her online activity to Facebook through the Facebook Tracking Pixel. *Id.* at 14. The Facebook Tracking Pixel causes an individual's browser "to secretly duplicate the communication with Defendant, transmitting it to Facebook's servers, alongside additional information that transcribed the communication's content and the individual's identity," including their Facebook ID, which is a unique identifier. *Id.* at 13–15.

T.S. also contends that she never gave Sono Bello or Facebook permission to disclose her personal health information ("PHI"). *Id.* at 17. She was never notified that Sono Bello disclosed such information, *id.*, and she did not consent to Facebook intercepting her data and monetizing it through targeted advertising, *id.* at 19.

T.S., who resides in California, brings this putative class action on behalf of "all California residents who have accessed and used [Sono Bello's] Website to book a consultation with Defendant." *Id.* at 2–3. She brings claims under the Electronic Communications Privacy Act, ("ECPA"), 18 U.S.C. § 2511(1); the California Invasion of Privacy Act, ("CIPA"), Cal. Penal Code § 631; and the California Confidentiality of Medical Information Act, ("CMIA"), Cal. Civ. Code § 56.10. *Id.* at 3.

On January 31, 2025, Sono Bello filed a motion to dismiss all claims, which was noted for February 28, 2025. Dkt. No. 17. T.S. did not contest the dismissal of her CMIA claim, but responded that her ECPA and CIPA claims should proceed. *See generally* Dkt. No. 18. While the

---

[2] T.S. has not moved to proceed under a pseudonym, which the Court will address in a separate order to show cause.

motion to dismiss was pending, T.S. served requests for production and interrogatories on Sono Bello. Dkt. No. 23 at 2. This motion to stay discovery followed.

## II.  DISCUSSION

### A.  The Parties Met and Conferred as Required

A party seeking a protective order must include with their motion "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1); *see also* LCR 26(c)(1). "A good faith effort to confer requires a face-to-face meeting or a telephone conference." LCR 26(c)(1).

Sono Bello's motion includes a certification that on March 17, 2025, its counsel met and conferred with T.S.'s counsel via video conference. Dkt. No. 23 at 8. The conference was not successful. *Id.* at 3. The matter is therefore ripe for the Court's consideration.

### B.  A Blanket Discovery Stay Is Unwarranted

#### 1.  <u>Legal Standards</u>

Each party is entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure "do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation." *Neal v. City of Bainbridge Island*, No. C20-6025-RSL, 2021 WL 2105301, at *1 (W.D. Wash. May 25, 2021); *United States v. Bayley*, No. 3:20-CV-05867-DGE, 2022 WL 1289664, at *2 (W.D. Wash. Apr. 29, 2022) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." (cleaned up)). "Although a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule."

ORDER DENYING MOTION TO STAY DISCOVERY - 3

*White v. Skagit Bonded Collectors, LLC*, No. 2:21-CV-00697-LK, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022). Still, the Court "has discretion to stay discovery if defendant shows that it is entitled to a protective order under Rule 26(c) 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]'" *Neal*, 2021 WL 2105301, at *1 (quoting Fed. R. Civ. P. 26(c)(1)). The moving party must demonstrate good cause for a discovery stay. *See, e.g.*, *Gould v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:22-cv-00820-LK, 2023 WL 3018865, at *7 (W.D. Wash. Apr. 20, 2023).

Courts typically consider two factors in evaluating whether good cause exists to issue a stay: "First, the pending motion must be potentially dispositive of the entire case, or at least on the issue to which discovery is directed. Second, the court must determine if the pending dispositive motion can be decided without additional discovery." *Ahern Rentals Inc. v. Mendenhall*, C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020); *Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 WL 6060434, at *2 (W.D. Wash. Oct. 14, 2020). Assessment of these factors entails a "preliminary peek" at the pending motion to dismiss. *Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*, C19-1050-JCC, 2020 WL 832888, at *1 (W.D. Wash. Feb. 20, 2020) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011)). "The 'preliminary peek,' however, is not intended to prejudge the outcome of the motion." *Zeiger v. Hotel Cal. by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022). Among other factors that may be relevant in a particular case, a court may consider whether "it is convinced that the plaintiff will be unable to state a claim for relief," *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), and whether "a stay of discovery would unnecessarily delay litigation," *Edmonds v. Amazon.com, Inc.*, No. C19-1613-JLR, 2020 WL 8996835, at *2 (W.D. Wash. Mar. 6, 2020).

2. <u>A Stay Is Not Warranted Here</u>

Sono Bello contends that good cause exists to stay discovery because its pending motion to dismiss "can dispose of the entire case and can be decided without additional discovery." Dkt. No. 23 at 3. It notes that the "central question posed by the Motion is whether Plaintiff has failed to state a claim. No discovery is needed for the Court to answer this question." *Id.* It further contends that "there is good cause for a stay because it would obviate the financial harm of substantial (and likely unnecessary) discovery practice." *Id.*

T.S. responds that Sono Bello has not met its "heavy burden" to show that discovery should be denied. Dkt. No. 24 at 5. She argues that the existence of a motion to dismiss alone is insufficient, and peeking at the merits, there is no "immediate and clear possibility" that the motion to dismiss will be granted. *Id.* at 6–7 (quoting *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (emphasis removed)). Finally, she contends that Sono Bello will not suffer prejudice if discovery proceeds; the financial burden it claims it will shoulder is insufficient. *Id.* at 7–8.

The motion presents a close call because Sono Bello's motion to dismiss, if granted, would dispose of all claims. However, its aspirations of success on its motion to dismiss do not justify a stay. "[S]peculation does not satisfy Rule 26(c)'s good cause requirement." *Rosario v. Starbucks Corp.*, No. 2:16-cv-01951-RAJ, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017) (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)); *Old Republic Title, Ltd. v. Kelley*, No. C10-0038-JLR, 2010 WL 4053371, at *4 (W.D. Wash. Oct. 13, 2010). Having taken a peek at Sono Bello's motion to dismiss, the Court is not convinced at this stage that T.S. "will be unable to state a claim for relief." *Wenger*, 282 F.3d at 1077 (citation omitted) (a court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."). This factor therefore weighs against a stay.

As for the second factor—whether the motion can be decided without additional discovery—T.S. does not claim to need discovery responses to respond to the motion to dismiss; the briefing on that motion is complete. *See, e.g.*, *Silbaugh v. Chao*, No. C17-1759-RSM, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (granting motion to stay discovery when defendant raised an issue regarding subject matter jurisdiction and plaintiff did not claim to need discovery to respond). However, the requested stay would preclude *all* discovery until after the Court rules on Sono Bello's motion to dismiss. Such a blanket stay of discovery would unnecessarily delay the litigation, particularly because courts typically grant leave to amend deficient allegations in this context. *See, e.g.*, *Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-cv-01159-TL, 2025 WL 692097, at *2 (W.D. Wash. Mar. 4, 2025) (noting prior order granting motion to dismiss with leave to amend, dismissing some claims in the amended complaint, and granting another opportunity to amend); *see also Edmonds*, 2020 WL 8996835, at *2 (denying a blanket stay of discovery because "[i]f the court allows the case to proceed beyond the motion to dismiss, discovery will be necessary to facilitate the prompt resolution of the case."). This factor is neutral at best.

Finally, Sono Bello does not argue that the discovery requests are overly burdensome. Nor does it contend that a partial dismissal would reduce the need for at least some discovery. To the contrary, the analysis of T.S.'s ECPA and CIPA claims largely overlap, *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020), so a partial dismissal would be unlikely to affect the scope of discovery. Accordingly, a stay is not warranted.

### III. CONCLUSION

For the foregoing reasons, Sono Bello's motion for a stay of discovery is DENIED. Dkt. No. 23.

Dated this 24th day of April, 2025.

*Lauren King*

Lauren King
United States District Judge