1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T.S.,

11

Plaintiff,

12

v.

13

BODY CONTOUR CENTERS, LLC d/b/a
SONO BELLO,

14

Defendant.

15

CASE NO. 2:24-cv-01944-LK

ORDER GRANTING MOTION TO
PROCEED UNDER PSEUDONYM

16

This matter comes before the Court on Plaintiff's Motion to Proceed Under Pseudonym.

17

Dkt. No. 28. Plaintiff seeks to proceed under the pseudonym "T.S." *Id.* at 2. Defendant Body

18

Contour Centers, LLC d/b/a Sono Bello does not oppose her use of a pseudonym at this stage of

19

the proceedings. *Id.* For the reasons stated below, the Court grants Plaintiff's motion.

20

**I.    BACKGROUND**

21

Plaintiff initiated this putative class action in November 2024, seeking recovery under a

22

variety of state and federal privacy and medical confidentiality laws on behalf of "all California

23

residents who have accessed and used [Sono Bello's] Website to book a consultation." Dkt. No. 1

24

ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM - 1

1    and 2–3. Defendant Sono Bello filed a motion to dismiss on January 31, 2025. Dkt. Nos. 17, 18,

2    19. Sono Bello further filed a motion to stay discovery in early April, Dkt. No. 23, which the Court

3    has since denied, Dkt. No. 26.

## II.    DISCUSSION

5    **A.    Legal Standard**

6          Federal Rule of Civil Procedure 10 requires that every complaint list the names of all

7    parties. Fed. R. Civ. P. 10(a). Thus, "[t]he normal presumption in litigation is that parties must use

8    their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042

9    (9th Cir. 2010). However, "a party may preserve his or her anonymity in judicial proceedings in

10   special circumstances when the party's need for anonymity outweighs prejudice to the opposing

11   party and the public's interest in knowing the party's identity," including where "nondisclosure of

12   the party's identity is necessary to protect a person from harassment, injury, ridicule or personal

13   embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir.

14   2000) (citation modified). Courts generally allow a party to proceed anonymously in three

15   circumstances: "(1) when identification creates a risk of retaliatory physical or mental harm; (2)

16   when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal

17   nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in

18   illegal conduct, thereby risking criminal prosecution." *Id.* at 1068 (citation modified).

19   **B.    Discussion**

20         Plaintiff argues that "[p]seudonymity is necessary to protect [her] privacy interests in her

21   personal and intimate medical information, including her search for a weight loss surgical

22   procedure." Dkt. No. 28 at 3. While "Plaintiff is currently in a position to decide to whom she

23   discloses her health conditions and the treatment she seeks," requiring her to proceed "under her

24   full name will strip her of that . . . control" and no longer protect her from the possibility of

ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM - 2

1    "harassment, embarrassment and ridicule." *Id.* Further, forcing her to litigate using her true name

2    "will cause the very injury that the litigation addresses – the public disclosure of highly sensitive,

3    private personal information, especially health conditions and treatment thereof." *Id.* at 4.

4        Plaintiff also argues that proceeding pseudonymously would not "interfere with the

5    public's interest in this action or . . . right to an open court system," since her individual identity

6    is "not central to the issues raised" in her complaint. *Id.* (quoting *Doe 1 v. Github, Inc.*, 672 F.

7    Supp. 3d 837, 854 (N.D. Cal. 2023). She notes that her own identity "has no bearing on the

8    resolution of the issues raised by this case, i.e., whether Defendant's alleged use of tracking

9    technologies and interception of users' personal communications unlawfully led to the disclosure

10   of consumers' PII or PHI to unauthorized third parties," and that the nature of this case as a class

11   action militates against requiring her to disclose her name. *Id.* ("because this is a putative class

12   action, most, if not all, of the class members' identities will never be public").

13       Although Sono Bello's non-opposition to the motion to proceed anonymously "may weigh

14   in favor of anonymity because there is no argument of fundamental unfairness to [it]," that is

15   ultimately not dispositive given the public interest at stake. *L.R. v. Cigna Health & Life Ins. Co.*,

16   No. 6:22-CV-1819-RBD-DCI, 2023 WL 4532672, at *4 (M.D. Fla. July 13, 2023). Courts have

17   been reluctant to permit parties to litigate matters concerning protected medical information

18   anonymously. For example, in *Doe v. UNUM Life Insurance Company of America*, the district

19   court determined that "potential [for] embarrassment or increased anxiety brought on by litigation

20   d[id] not justify anonymity" in an appeal from a denial of disability benefits for serious mental and

21   physical health issues. 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016). "The most compelling

22   situations [in which plaintiffs are allowed to proceed anonymously] involve matters which are

23   highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury

24   litigated against would occur as a result of the disclosure of the plaintiff's identity." *Id.* (quoting

*Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981)). This case falls into the latter category. As

the court explained in *In re Meta Pixel Healthcare Litigation*,

> The central issues in this case are whether Meta improperly secured plaintiffs'
> private health care information. . . . Requiring plaintiffs to proceed using their actual
> names—when their health care entities have already been disclosed and when their
> private health care information will be publicly discussed—will arguably cause a
> further and greater privacy intrusion. . . . The information plaintiffs provided to
> their medical providers that was improperly captured or used by Meta is at the very
> heart of this case . . . [and] will be discussed in open court when the parties argue
> about the strength of plaintiffs' claims, as necessary to allow the public to
> understand my rulings and possibly a jury's ultimate determination. But it is
> unnecessary to publicly link that information with an individual at this stage in the
> case.

No. 22-CV-03580-WHO, 2025 WL 807954, at *1–2 (N.D. Cal. Mar. 12, 2025). The court further

noted that "[r]equiring plaintiffs who seek to vindicate their privacy rights to publicly link their

names to the [very] information they seek to protect . . . is against the public interest, as it could

dissuade plaintiffs from bringing privacy cases." *Id.* at *2.

      For the same reasons, the Court finds that pseudonymity is appropriate here—at least at

this stage of the case—and outweighs the countervailing considerations. The Court may revisit the

issue at a later stage of the proceedings if Defendant so moves. *See G.M.T. v. Mayorkas*, No. C24-

0344-JLR, 2024 WL 1859857, at *2 (W.D. Wash. Apr. 29, 2024).

### III.  CONCLUSION

      For the reasons set forth above, Plaintiff's motion, Dkt. No. 28, is GRANTED. The parties

shall refer to Plaintiff by the pseudonym "T.S." in all future filings and public proceedings in this

matter.

      Dated this 7th day of July, 2025.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM - 4